

**FILED**

**JAN 1 1 2011**

THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| J.L. WARD ASSOCIATES, INC., | Civ. 11-4008 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| GREAT PLAINS TRIBAL CHAIRMEN'S HEALTH BOARD F/K/A ABERDEEN AREA TRIBAL CHAIRMEN'S HEALTH BOARD, | |
| Defendant. | |

Plaintiff J.L. Ward Associates, Inc. by and through its attorneys of record, Boyce Greenfield, Pashby & Welk, L.L.P., and for its claims and causes of action against the above-named Defendant, states and alleges as follows:

1. J.L. Ward Associates, Inc., is a California corporation with a principal place of business of Lakeside, California, and at all times material hereto has been a corporation authorized to do business in the State of California.

2. Defendant is a South Dakota corporation with a principal place of business of 1770 Rand Road, Rapid City, South Dakota, and, at all times material hereto, has, upon information and belief, been authorized to do business in the State of South Dakota.

3. On or about September 3, 2010, Defendant changed its name from Aberdeen Area Tribal Chairmen's Health Board to Great Plains Tribal Chairmen's Health Board.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) and (c). The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Upon information and belief, in 2007, Defendant applied for an Access to Recovery ("ATR") grant from the Substance Abuse and Mental Health Services Administration,

Center for Substance Abuse Treatment, to provide for substance abuse clinical treatment and recovery support services.

6. As authorized by Defendant on or about January 10, 2006, J.L. Ward developed and prepared a proposal for an ATR grant, at no cost to Defendant. Defendant was aware such work was being completed for Defendant's benefit.

7. On or about August 1, 2007, J.L. Ward and Defendant executed a written contract for the planning, coordination and development of a Substance Abuse and Mental Health Services Administration 2007 ATR grant. In exchange for J.L. Ward providing such services, J.L. Ward was to perform certain work under the 2007 ATR project.

8. On or about August 8, 2007, J.L. Ward received a copyright for the ATR proposal it prepared for Defendant.

9. Defendant was not awarded a Substance Abuse and Mental Health Services Administration 2007 ATR grant.

10. As authorized by Defendant on or about February 11, 2010, J.L. Ward developed and prepared a proposal for an ATR grant from the federal Substance Abuse and Mental Health Services Administration, Center for Substance Abuse Treatment. Defendant was aware such work was being completed for Defendant's benefit. The 2010 ATR grant proposal used provisions and content contained in the copyrighted 2007 ATR grant application.

11. In 2010, Defendant applied for the ATR grant, in the amount of approximately Sixteen Million Dollars ($16,000,000.00) from the federal Substance Abuse and Mental Health Services Administration, Center for Substance Abuse Treatment, in order to provide for substance abuse clinical treatment and recovery support services.

12. The 2010 ATR grant application specifically contemplates the involvement of J.L. Ward and payment to J.L. Ward of One Million Two Hundred Forty Nine Thousand Four Hundred Dollars ($1,249,400.00) for J.L. Ward's scope of work of the 2010 ATR.

13. Throughout 2010, J.L. Ward exchanged emails with Defendant regarding the need to obtain a signed contract for the planning, coordination and development of a Substance Abuse and Mental Health Services Administration 2010 ATR grant.

14. On or about September 30, 2010, Defendant received a notice of award from the 2010 ATR grant from the Substance Abuse and Mental Health Services Administration for a ATR grant totaling approximately Thirteen Million One Hundred Thousand Dollars ($13,100,000).

15. On or about October 8, 2010, J.L. Ward received authorization from Defendant to begin work on Defendant's 2010 ATR project.

16. On or about October 8, 2010, J.L. Ward received a copyright for the ATR proposal it prepared for Defendant.

## COUNT I:  BREACH OF CONTRACT

17. J.L. Ward hereby realleges paragraphs 1-16 above and incorporates them as fully set forth herein.

18. In early 2010, J.L. Ward and Defendant entered into a contract whereby J.L. Ward would plan, coordinate and develop a proposal for a Substance Abuse and Mental Health Services Administration 2010 ATR grant for Defendant in exchange for Defendant awarding J.L. Ward a One Million Two Hundred Forty Nine Thousand Four Hundred Dollars ($1,249,400.00) scope of work contemplated in the 2010 ATR grant proposal.

19. Pursuant to the parties contract, J.L. Ward began to plan, coordinate and develop a proposal for a Substance Abuse and Mental Health Services Administration 2010 ATR grant for Defendant.

20. Defendant breached the parties' contract by, among other things, failing to engage J.L. Ward in the scope of work contemplated in the 2010 ATR grant proposal.

21. As a direct and proximate cause of Defendant's breach of contract, J.L. Ward has been damaged in an amount to be proven at trial.

## COUNT II: BREACH OF CONTRACT

22. J.L. Ward hereby realleges paragraphs 1-21 above and incorporates them as fully set forth herein.

23. On or about October 8, 2010, J.L. Ward and Defendant entered into a contract for J.L. Ward to begin working on the 2010 ATR grant obtained by Defendant.

24. Pursuant to the parties' contract, J.L. Ward began to properly perform as per the terms of the 2010 ATR grant obtained by Defendant.

25. Defendant breached the parties' contract by, among other things, failing to compensate J.L. Ward for the work performed as per the terms of the 2010 ATR grant obtained by Defendant.

26. As a direct and proximate cause of Defendant's breach of contract, J.L. Ward has been damaged in an amount to be proven at trial.

## COUNT III: PROMISSORY ESTOPPEL

27. J.L. Ward hereby realleges paragraphs 1-26 above and incorporates them as fully set forth herein.

28. In reliance on the promise of payment, J.L. Ward undertook efforts on behalf of Defendant to complete J.L. Ward's scope of work as provided in the 2010 ATR grant obtained by Defendant.

29. J.L. Ward's efforts, undertaken on behalf of Defendant, caused J.L. Ward to suffer substantial economic losses as a result of Defendant's failure to pay J.L. Ward for such performance.

30. J.L. Ward's performance and substantial economic detriment was foreseeable to Defendant.

31. J.L. Ward acted reasonably in justifiable reliance on Defendant's promise of payment.

32. As a direct and proximate cause of Defendant's promise to pay J.L. Ward, has been damaged in an amount to be proven at trial.

## COUNT IV: NEGLIGENT MISREPRESENTATION

33. J.L. Ward hereby realleges paragraphs 1-32 above and incorporates them as fully set forth herein.

34. Defendant misrepresented to J.L. Ward that J.L. Ward would receive payment for work to be performed by J.L. Ward to complete J.L. Ward's scope of work as provided in the 2010 ATR grant obtained by Defendant.

35. Defendant made such representation without the intention of remitting payment to J.L. Ward for work to be performed to complete J.L. Ward's scope of work as provided in the 2010 ATR grant obtained by Defendant.

36. Defendant made such representations with the intent of inducing J.L. Ward to develop and prepare a proposal for an ATR grant from the federal Substance Abuse and Mental Health Services Administration, Center for Substance Abuse Treatment.

37. J.L. Ward developed and prepared a proposal for an ATR grant from the federal Substance Abuse and Mental Health Services Administration, Center for Substance Abuse Treatment, with actual and justifiable reliance on the representations of Defendant.

38. As a direct and proximate cause of Defendant's negligent misrepresentations, J.L. Ward has been damaged in an amount to be proven at trial.

## COUNT V: FRAUDULENT MISREPRESENTATION

39. J.L. Ward hereby realleges paragraphs 1-38 above and incorporates them as fully set forth herein.

40. Defendant represented to J.L. Ward that J.L. Ward would receive payment for work to be performed by J.L. Ward to complete J.L. Ward's scope of work as provided in the 2010 ATR grant obtained by Defendant.

41. Defendant made such representation without the reasonable grounds for believing the representation, of paying J.L. Ward for work to be performed to complete J.L. Ward's scope of work as provided in the 2010 ATR grant obtained by Defendant, to be true.

5

42. Defendant made such representation with the intent to deceive J.L. Ward for the purpose of inducing J.L. Ward to begin working on J.L. Ward's scope of work as provided in the 2010 ATR grant obtained by Defendant.

43. J.L. Ward began working on J.L. Ward's scope of work as provided in the 2010 ATR grant obtained by Defendant with justifiable reliance on Defendant's representation.

44. As a direct and proximate cause of Defendant's fraudulent misrepresentations, J.L. Ward has been damaged in an amount to be proven at trial.

45. Defendant's fraudulent misrepresentation, as set forth above, was willful, wanton, oppressive, malicious, and intentional, thereby warranting the imposition of punitive damages pursuant to SDCL 21-3-2.

## COUNT VI: UNJUST ENRICHMENT

46. J.L. Ward hereby realleges paragraphs 1-45 above and incorporates them as fully set forth herein.

47. Defendant, by wrongfully receiving and benefiting from the efforts of J.L. Ward, received a benefit and realized a gain from their wrongful acts.

48. Defendant was aware of the benefit being conferred to it from the efforts of J.L. Ward.

49. Equity commands that the monies which would have been paid for the efforts of J.L. Ward be disgorged from Defendant and delivered to J.L. Ward to prevent Defendant from gaining and profiting from its wrongful acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

(1) For compensatory, general, and special damages in an amount to be determined by the jury to compensate Plaintiff for Defendant's breaches of contract, negligent misrepresentation, fraudulent misrepresentation and promissory estoppel;

(2) For the disgorgement of the benefits wrongfully realized by Defendant's unjust enrichment;

(3) For punitive damages pursuant to SDCL 21-3-2;

(4) For Plaintiff's costs and disbursements herein;

(5) For prejudgment and post-judgment interest; and

(6) For such further relief as the Court deems proper.

Dated this 11th day of January, 2011

*(signature)*

Michael F. Tobin
Paul W. Tschetter
BOYCE, GREENFIELD, PASHBY & WELK, L.L.P.
101 North Phillips Avenue Suite 600
P.O. Box 5015
Sioux Falls, SD  57117-5015
(605) 336-2424
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.