UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
MAR 1 2 2012

| | | |
|---|---|---|
| J.L. WARD ASSOCIATES, INC., | * | CIV 11-4008-RAL |
| | * | |
| Plaintiff, | * | |
| | * | ORDER GRANTING IN PART |
| vs. | * | MOTION TO COMPEL |
| | * | ARBITRATION |
| GREAT PLAINS TRIBAL | * | |
| CHAIRMEN'S HEALTH BOARD, | * | |
| formerly known as Aberdeen Area Tribal | * | |
| Chairmen's Health Board, | * | |
| | * | |
| Defendant. | * | |

This case involves a dispute between Plaintiff J.L. Ward Associates, Inc. ("J.L. Ward") and Defendant Great Plains Tribal Chairmen's Health Board ("Great Plains") over a 2007 contract and an alleged 2010 contract.[1] In a January 13, 2012 Opinion and Order, this Court explained that, because of Great Plains' sovereign immunity, the extent of this Court's jurisdictional power is limited to 1) compelling arbitration of copyright claims under the 2007 contract and 2) compelling arbitration of contract-based claims under the 2010 contract "if and only if a contract was reached in 2010." J.L. Ward Assoc., 2012 WL 113866, at *17. Because J.L. Ward sought to have this Court assume jurisdiction and decide the merits of the case, this Court allowed J.L. Ward twenty-one days to amend its complaint and file a motion to compel arbitration.

J.L Ward filed an Amended Complaint and a Motion to Compel Arbitration on January 30, 2012. Doc. 35; Doc. 36. J.L. Ward's amended complaint, among other things, asserts copyright claims under the 2007 contract and breach of contract claims under the alleged 2010

---

[1] For a more complete rendition of the facts in this case, see J.L. Ward Assoc., Inc. v. Great Plains Tribal Chairmen's Health Bd., No. Civ 11-4008, 2012 WL 113866 (D.S.D. Jan. 13, 2012).

contract. Defendant Great Plains Tribal Chairmen's Health Board ("Great Plains") has failed to respond to J.L. Ward's motion to compel arbitration within the twenty-one calendar days permitted for response under Local Rule 7.1(B). D.S.D. Civ. LR 7.1(B).

J.L. Ward's motion to compel arbitration is governed by the Federal Arbitration Act ("FAA"). 9 U.S.C. § 1 et seq. "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Newspaper Guild of St. Louis, Local 36047, TNG-CWA v. St Louis Post Dispatch, LLC, 641 F.3d 263, 266 (8th Cir. 2011) (quoting UnitedSteel Workers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)); see also 1 Martin Domke, Domke on Commercial Arbitration § 8:9 (3d. ed. 2011) ("Because no one is under a duty to arbitrate unless he or she has agreed to do so, the parties must have entered into a valid arbitration agreement in order to invoke arbitration to settle disputes."). "[W]hether the parties have a valid arbitration agreement that binds them is a question for judicial determination. Likewise, any question as to whether a valid arbitration agreement applies to the subject matter at hand is a question for a court to answer." Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Ironworkers, Shopman's Local 493 v. EFCO Corp. & Const. Prods., Inc., 359 F.3d 954, 956 (8th Cir. 2004). Thus, when a party moves to compel arbitration, a court must determine "whether a valid agreement to arbitrate exists, and if so, whether the dispute falls within the scope of that agreement." Newspaper Guild of St. Louis, 641 F.3d at 266.

Here, J.L. Ward's copyright claims under the 2007 contract belong in arbitration. The parties do not dispute that they entered into the 2007 contract, which contained a dispute resolution clause encompassing "any dispute aris[ing] between the parties concerning the interpretation or enforcement of the provisions of this Agreement." Doc. 23-1. J.L. Ward's

breach of contract claims under the alleged 2010 contract are a different matter, however. In its earlier filings, Great Plains contended that it never entered into the alleged 2010 contract and this Court has yet to decide that issue. The alleged 2010 contract contains a dispute resolution clause identical to the one in the 2007 contract, but this Court cannot enforce the dispute resolution clause in the alleged 2010 contract if Great Plains did not enter into the 2010 contract. Because Great Plains has yet to respond to J.L. Ward's motion to compel arbitration, this Court will permit Great Plains fourteen days from the date of this order to advise whether Great Plains will contest arbitration of J.L. Ward's breach of contract claims under the alleged 2010 contract.

For the reasons stated above, it is hereby

ORDERED that Great Plains has fourteen days from the date of this Order to file a response brief if it wishes to contest arbitration of J.L. Ward's claims under the alleged 2010 contract. It is further

ORDERED that J.L. Ward's Motion to Compel Arbitration, Doc. 36, is granted in part. The Motion to Compel Arbitration is granted to the extent that it seeks to compel arbitration of copyright claims under the 2007 contract. Ruling on the motion is deferred to the extent that the motion seeks to arbitrate breach of contract claims under the alleged 2010 contract.

Dated March 12th, 2012.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE