UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
SEP 25 2013
CLERK

| | | |
|---|---|---|
| J.L. WARD ASSOCIATES, INC., | * | CIV 11-4008-RAL |
| Plaintiff, | * | |
| vs. | * | ORDER GRANTING IN PART |
| | * | MOTION TO CONFIRM |
| GREAT PLAINS TRIBAL | * | ARBITRATION AWARD |
| CHAIRMEN'S HEALTH BOARD, | * | |
| formerly known as Aberdeen Area Tribal | * | |
| Chairmen's Health Board, | * | |
| Defendant. | * | |

Plaintiff J.L. Ward Associates, Inc. ("J.L. Ward") has filed a Motion to Confirm Arbitration Award, Doc. 49, requesting this Court to enter one judgment confirming an award in the amount of $179,440.17, plus post-arbitration award interest, and a second judgment confirming an award in the amount of $32,880.00, regarding Count III of the Second Amended Complaint. Defendant Great Plains Tribal Chairmen's Health Board f/k/a/ Aberdeen Area Tribal Chairmen's Board ("Great Plains") has filed a Motion to Vacate Arbitration Award in Part, Doc. 47, and requests that this Court "vacate that portion of the arbitration award allowing Ward's recovery of $32,880 based on the invoices contract claim [Count III of the Second Amended Complaint], as well as concomitant attorney['s] fees and costs which were a part of that portion of the Arbitration Award." Doc. 48 at 10-11. The first judgment J.L. Ward seeks in the amount of $179,440.17 accounts for the award of $120,000.00 for the copyright claims, the total attorney's fees, and costs, while the second judgment J.L. Ward seeks in the amount of $32,880 accounts only for the award for Count III. Doc. 48-4 at 8.

The Arbitration Award, entered on March 5, 2013, awarded $120,000.00 on copyright infringement claims that both parties agree properly were subject to arbitration. Doc. 48-4 at 8;

Doc. 48 at 2-3; Doc. 50 at 2. The arbitrator also awarded to J.L. Ward $50,528.00 in attorney's fees (plus sales tax thereon, if applicable), $8,912.17 in costs (plus sales tax thereon, if required, on $1,500.00 of this amount), and arbitrator's fees of $8,549.74, because J.L. Ward was the prevailing party and was entitled to such an award under the arbitration agreement. Doc. 48-4; Doc. 23-1 at 5-6.

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, the district court "'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed'" in the FAA. Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008) (quoting 9 U.S.C. § 9). An arbitration award can be vacated only if (1) the award "was procured by corruption, fraud, or undue means"; (2) the arbitrator was impartial or corrupt; (3) the arbitrator was "guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown," or refuses to hear certain evidence, or otherwise prejudices the rights of a party; or (4) the arbitrator exceeded his own power. 9 U.S.C. § 10. These four grounds constitute the exclusive justifications for vacating an award. Medicine Shoppe Intern., Inc. v. Turner Investments, Inc., 614 F.3d 485, 489 (8th Cir. 2010). A district court "'affords the arbitrator's decisions an extraordinary level of deference and confirms so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority.'" Wells Fargo Bank, N.A. v. WMR e-PIN, LLC, 653 F.3d 702, 710 (8th Cir. 2011) (quoting Crawford Group, Inc. v. Holekamp, 543 F.3d 971, 976 (8th Cir. 2008)). There exists a question whether Great Plains waived tribal sovereign when its attorney signed the 2013 arbitration agreement but then notified the arbitrator and J.L. Ward on the eve of arbitration that Great Plains was not waiving tribal sovereign immunity as to that claim, which is an issue that will be the subject of a forthcoming opinion and order. Other than with respect to Count III and fees and

costs associated therewith, there exists no reason to refuse to confirm all remaining parts of the Arbitration Award.

For J.L. Ward to prove up Count III of the Second Amended Complaint did not appear to involve much of an effort. J.L. Ward had sent to Great Plains three invoices for work J.L. Ward and those working for J.L. Ward had performed in 2010 prior to the time Great Plains told J.L.Ward to stop its work for Great Plains. Doc. 48-4. Great Plains paid one of the three invoices, but failed to pay the last two invoices which totaled $32,880.00. Doc. 48-4. The main fight concerning Count III relates not to the fact that J.L. Ward performed the work and incurred the expenses for which it billed Great Plains, but rather to whether tribal sovereign immunity bars the claim in Count III of the Second Amended Complaint. The Arbitration Award does not distinguish attorney's fees and costs separately related to Count III from what was incurred relating to the copyright claims.

The award on Count III of $32,880.00 is approximately 21.5 percent of the total award on the claims of $152,880.00. It is charitable to Great Plains given the nature of the claim and defense to Count III to assume at this time that 20 percent of the attorney's fees and costs were incurred related to Count III. Even setting aside Count III, J.L. Ward was the prevailing party in the arbitration leaving Great Plains responsible for the arbitration expenses. Thus, the arbitration award of $120,000.00 on the copyright claims, and 80 percent of the fees and costs, together with the arbitration expenses are appropriate at this time to confirm under 9 U.S.C.§ 9. Therefore, it is hereby

ORDERED that the Motion to Confirm Arbitration Award, Doc. 49, is granted in part such that this Court confirms the Arbitration Award of $120,000.00 on the copyright violations,

$40,422.40 of attorney's fees (plus sales tax thereon, if applicable), and $7,129.74 in costs (plus sales tax thereon, if applicable) totaling $167,552.14. It is further

ORDERED that post-arbitration award interest accrue on that award from the date of the Arbitration Award of March 5, 2013. It is further

ORDERED that Great Plains shall be responsible for $8,549.74 in arbitration fees and costs as set forth in the Arbitration Award. It is finally

ORDERED that whether the Arbitration Award of $32,880.00, additional fees of $10,105.60, and additional costs of $1,782.43 are confirmed and what additional fees and costs might be the responsibility of Great Plains remains an issue for later determination.

Dated September 25, 2013.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE